IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **VALERIE GRAY**, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. ) ) |
| vs. | ) **COLLECTIVE ACTION AND CLASS** ) **ACTION COMPLAINT** ) |
| **PROPERTY MANAGEMENT SERVICES, LLC** **d/b/a** **CUSTOM CLEANING AND MAINTENANCE,** | ) **JURY DEMAND ENDORSED HEREON** ) ) ) ) ) |
| - and - | ) ) |
| **MARLENE CORNACHIO**, | ) ) |
| Defendants. | ) |

Plaintiff Valerie Gray ("Plaintiff"), by and through counsel, for her Complaint against Defendants Property Management Services, LLC d/b/a Custom Cleaning and Maintenance ("Defendant Custom Cleaning") and Marlene Cornachio ("Defendant Cornachio") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq*. ("OMFWSA"), the Ohio Constitution, Oh. Const. Art. II, §34a, and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (referred to collectively as the "Ohio Wage Laws"). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

1

## INTRODUCTION

1) This case challenges policies and practices of Defendants that violate the FLSA, 29 U.S.C. §§ 201 *et seq*. and the Ohio Wage Laws; and concerns the underpayment of overtime and minimum wages to non-exempt hourly employees, including Plaintiff.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b).

3) Plaintiff also brings this case as a collective action pursuant to O.R.C. §41114.14(K) to remedy violations of the Ohio Wage Laws for the non-payment of minimum wages on behalf of herself and all similarly situated employees currently or previously employed by Defendants within the three (3) years preceding the filing of this Action.

4) Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA for unpaid overtime on behalf of herself and all similarly situated employees currently or previously employed by Defendants in Ohio within the two (2) years preceding the filing of this Complaint.

5) Plaintiff further brings an individual claim for violation of § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, § 34a.

## JURISDICTION AND VENUE

6) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

8) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

9) Plaintiff is an adult individual, US citizen, and resident of Ohio who was jointly employed by Defendants as a Cleaner from approximately September 14, 2016 through approximately May 24, 2019.

10) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and O.R.C. § 41114.14(K) is attached as **Exhibit A**.

11) Defendant Custom Cleaning is an Ohio limited liability company. "Custom Cleaning and Maintenance" a registered trade name. Defendant Custom Cleaning's principal place of business is located at 38046 Second St., Willoughby, Ohio 44094 (Lake County). Defendant Custom Cleaning can be served through its Statutory Agent: Property Management Services, LLC, at 38046 Second Street, Willoughby, Ohio 44094.

12) Defendant Cornachio is an individual residing in this District. She is the President and CEO of Defendant Custom Cleaning. Defendant Cornachio is the Registered Agent of Property Management Services, LLC. Defendant Cornachio can be served at the last known address of 5720 Hartshire Dr., Willoughby, Ohio 44094.

## FACTUAL ALLEGATIONS

13) At all relevant times, Defendants are and have been individually and jointly in the business of providing residential and commercial cleaning services.

14) Plaintiff and others similarly situated were jointly employed by Defendants as non-exempt, hourly cleaners.

15) Plaintiff and others similarly situated were required to go into Defendants' office approximately an hour before their shifts to receive job assignments. This time was not paid.

16) If working residential locations, Plaintiff and others similarly situated would also leave the office to travel to the first jobsite using Defendant-provided vehicles. The time spent driving to the first job site was unpaid.

17) Job assignments and Defendant-provided vehicles were intrinsic and indispensable elements of the jobs of Plaintiff and those similarly situated; they could not perform their jobs without assignments and could not perform residential jobs without the Defendant-provided vehicle and the supplies and materials carried in the vehicles. Hence, this pre-shift unpaid work constituted the first principle activity of their work day.

18) Defendants counted as work time only the time Plaintiff and others similarly situated arrived at each work location to the time they left each work location.

19) Plaintiff and others similarly situated were required to travel to and from more than one work location within the same work day but were not paid for this drive time.

20) Plaintiff and others similarly situated were required to travel back to Defendants' office to turn in their time sheets and return the Defendant-provided vehicle, as applicable. This time was unpaid.

21) This return trip to the office and turning in of time sheets was the last principle activity of the work days of Plaintiff and others similarly situated.

22) Plaintiff's hourly rate was $11.00 per hour.

23) Plaintiff typically worked Monday through Fridays.

24) Plaintiff and others similarly situated regularly worked more than 40 hours in a workweek when counting all work time under the continuous workday rule.

25) Defendants' failure to pay for the pre-shift work before the day's first job, failure to pay drive time, and failure to pay the post-shift work resulted in minimum wage and/or overtime violations.

26) Defendants currently "provide[] full-time employment to more than fifty-five service and management personnel, with combined sales of nearly one and one half million dollars annually."[1]

27) Plaintiff estimates approximately 100 similarly situated employees during the period from three years preceding the filing of this Complaint to the present.

28) At all relevant times, Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and the Ohio Wage Laws.

29) At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA and the Ohio Wage Laws.

30) At all times relevant, Defendants were individually and jointly enterprises within the meaning of 29 U.S.C. § 203(r), and enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

31) At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the Ohio Wage Laws.

32) At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated. For example, Defendant Cornachio "directs the overall operations of Property Management Services, LLC, a full service commercial cleaning company and residential maid service, under the trade name Custom Cleaning and Maintenance here in Northeastern Ohio."[2] Defendant Cornachio "employs a hands

---

[1] https://www.ccmohio.com/index.php/meet-our-team.
[2] https://www.ccmohio.com/index.php/meet-our-team

5

on management approach to her businesses, which allows her to intensely interact daily with her staff and field personnel."[3]

33) At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

34) At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

35) At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiff and others similarly situated.

36) At all relevant times, Defendants shared ultimate authority and control of employment records.

37) At all relevant times, Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

38) At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

39) At all relevant times, Defendants shared the services of Plaintiff and others similarly situated.

40) At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

41) Defendants knowingly and willfully engaged in the violations of the FLSA and the Ohio Wage Laws described herein.

---

[3] *Id*.

42) The exact amount of unpaid minimum wages and/or overtime compensation that Defendants failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff, because most, if not all, records needed to make such calculations are within the possession or control of Defendants or were not kept by Defendants.

43) The FLSA and Ohio law require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. To the extent that Defendants failed to make, keep, and preserve records of all required and unpaid work performed by Plaintiff and other similarly situated employees, including pre- and post-shift work and drive time, Plaintiff is entitled to a reasonable estimate of such time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45) Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

46) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current Cleaners that worked for Defendants within three (3) years preceding the Complaint filing date and through the final disposition of this matter (the "FLSA Collective").**

47) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are

similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

48) The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO COLLECTIVE ACTION ALLEGATIONS

49) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50) Plaintiff brings this action on her own behalf and on behalf of other similarly situated employees pursuant to O.R.C. § 4111.14(K) who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

51) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the Ohio collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current Cleaners that worked for Defendants within three (3) years preceding the Complaint filing date and through the final disposition of this matter (the "Ohio 4111.14(K) Collective").**

52) This action is maintainable as an "opt-in" collective action pursuant to O.R.C. §4111.14(K) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees and costs under the Ohio Wage Laws. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to her claim for unpaid wages and damages. Plaintiff is

representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

53) The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to O.R.C. § 41114.14(K), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the Ohio Wage Laws.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

54) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendants in Ohio, defined as:

> **All former and current Cleaners that worked for Defendants within two (2) years preceding the Complaint filing date and through the final disposition of this matter (the "Ohio Class").**

55) The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records.

56) There are questions of law or fact common to the Ohio Class including: whether Defendants' practices in Ohio resulted in its employees not being paid overtime wages and whether such wages remain unpaid.

57) Plaintiff will adequately protect the interests of the Ohio Class members. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

9

58) The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

59) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### Defendants Failed to Produce Documents Pursuant to O.R.C. § 4111.14(G) and the Ohio Const. Art. II, § 34a

60) Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. Art. II, §34a, on or about September 26, 2019, Plaintiff mailed a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked each day and amounts paid to Plaintiff, to Defendants.

61) Plaintiff included a properly executed release with her request.

62) The mailing as properly posted and directed to Custom Cleaning and Maintenance's registered agent.

63) Shortly thereafter, Defendants left a voicemail for Plaintiff by phone asking to speak, presumably in response to the document request.

64) As of this filing, no response has been forthcoming.

65) Accordingly, more than 30 business days have passed since Plaintiff's September 26, 2019, document request, in violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

## COUNT ONE
**(Overtime – FLSA Collective)**

66) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67) Defendants are individual and joint "employers" covered by the overtime requirements of the FLSA.

68) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

69) As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid for time working before and after their first work locations, and were not paid compensable drive time which resulted in unpaid overtime in workweeks during times relevant to this Complaint.

70) Defendants' failure to keep records of all pre- and post-shift work and drive time each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

71) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

72) As a result of Defendants practices and policies, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

73) Pursuant to the FLSA, Plaintiff is entitled to attorneys' fees and costs incurred.

## COUNT TWO
### (Ohio Minimum Wage Violations – Ohio 4111.14(K) Collective)

74) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75) Defendants are individual and joint "employers" covered by the minimum wage requirements of the Ohio Wage Laws.

76) The Ohio Wage Laws requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek.

77) As employees of Defendants, Plaintiff and others similarly situated work or worked hours in a workweek in which they were not paid a minimum wage.

78) Defendants jointly violated the Ohio Wage Laws by having a company-wide policy of not paying Plaintiff and others similarly situated pre- and post-shift work and compensable drive time, which resulted in unpaid minimum wages in the last three (3) years.

79) Plaintiff and others similarly situated were not exempt under the Ohio Wage Laws.

80) Defendants' failure to keep records of all drive time for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees further violated the Ohio Wage Laws.

81) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

82) As a result of Defendants' practices, Plaintiff and the Ohio 4111.14(K) Collective members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

83) Pursuant to the Ohio Revised Code, Plaintiff are entitled to attorneys' fees and costs incurred.

12

## COUNT THREE
### (Ohio Overtime and OPPA - Class Violations)

84) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

85) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

86) Defendants are individual and joint "employers" covered by the overtime requirements set forth in the OMFWSA.

87) The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

88) As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid overtime compensation for all hours worked in excess of 40.

89) Defendants violated the OMFWSA by having a company-wide policy by not paying Plaintiff and others similarly situated pre- and post-shift work and compensable drive time, which resulted in unpaid overtime.

90) Plaintiff and others similarly situated were not exempt under the OMFWSA.

91) Defendants' practice and policy of not paying Plaintiff and other similarly situated employees drive time resulted in not being paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek in violation of the OMFWSA.

92) Additionally, the OPPA requires Defendants to pay Plaintiffs and Ohio Class all wages, including minimum wages and overtime, on or before the first day of each month, for

wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

93) During relevant times, Plaintiffs and the Ohio Class were not paid all wages, including minimum wages and overtime wages at one and one-half times their correctly calculated regular rate of pay as described herein within 30 days of performing the work. See O.R.C. § 4113.15(B).

94) The Plaintiffs and the Ohio Class' unpaid wages remain unpaid for more than 30 days beyond their regularly scheduled payday.

95) The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars, whichever is greater

96) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA and OPPA.

97) As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the OMFWSA and OPPA; and because wages remain unpaid, damages continue.

98) Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

## COUNT FOUR
**(Individual Claim - Violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a)**

99) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

100) Defendants failed to produce documents within 30 business days, and in violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

101) At all times relevant to this Complaint, Defendants were Plaintiff's "employer" as defined in O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

102) As Plaintiff's employer, Defendants were required to maintain records relating to Plaintiff's employment in accordance with Ohio law.

103) Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendants were required to "provide such information without charge to an employee or person acting on behalf of an employee upon request . . . within thirty [30] business days."

104) Plaintiff was forced to file this Complaint, in part, as a result of Defendants' failure to respond, and in violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b) and O.R.C. § 4111.14(K); and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.14(K), and the Ohio Class members;

C. Award Plaintiff, and the collectives and class she represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collectives and class she represents, pre-judgment and post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collectives and class she represents, attorneys' fees, costs, and disbursements;

F. Direct Defendant to produce all documents pursuant to O.R.C. § 4111.14(G) at no cost to Plaintiff; and

    G.    Award Plaintiff, and the collectives and class she represents, further and additional relief as this Court deems just and proper.

Date: January 10, 2020

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:   (614) 824-5770
Facsimile:   (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:   (330) 470-4428
Facsimile:   (330) 754-1430
Email: hans@ohlaborlaw.com
          sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)